IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**STATE OF FLORIDA,
DEPARTMENT OF TRANSPORTATION,**

    Plaintiff,

vs.                                                    Case No. 4:06cv574-SPM/WCS

**LARRY VANCE DEAN, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court upon the four *pro se* Defendants' filing of a Notice or Removal. Doc. 1. The case Defendants are attempting to remove is an action filed against them by the Florida Department of Transportation in the Circuit Court for the Fourteenth Judicial Circuit in and for Jackson County, Florida. Doc. 1, pp. 11-16. The original complaint alleges that the Defendants have violated FLA. STAT. § 479.11(8) and § 337.407 because they continue to erect and maintain signs for their business, the Kountry Candy Store, on the Department's right-of-way adjacent to U.S. Highway 231 in Jackson County, Florida. Doc. 1, p. 14. The Department contends this violates Florida law and is a public nuisance and, therefore, seek permanent injunctive relief. *Id.* In

count II of the complaint, the Department seeks to collect unpaid fines of $1,050.00.  *Id.*, at 15.  The fines were previously assessed against the Defendants on December 2, 2005, pursuant to Florida law.  *Id.*, at 16, *citing* FLA. STAT. § 479.107(5).

Pursuant to 28 U.S.C. § 1446, a Defendant who desires to remove an action from state court must file a notice of removal containing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  The notice of removal must be filed "within thirty days" of receipt by the Defendant.  28 U.S.C. § 1446(b).  This Court is required to promptly examine the notice of removal.[1]  28 U.S.C. § 1446(c).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).

The notice of removal was timely filed within thirty days as summons was served on November 28, 2006, and this case was initiated on December 18, 2006.  Doc. 1, pp. 1, 8.  Defendants contend that removal is appropriate pursuant to 28 U.S.C. § 1441, 1446, as Defendants seek to file a counter-complaint against Plaintiff.  Doc. 1, p. 4.  Specifically, Defendants assert Plaintiff has violated their constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments, and seek injunctive relief as well as an award of damages.  *Id.*  Defendants claim this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a)(3),(4).

---

[1] "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1299 (11th Cir. 2001).

Pursuant to the removal statutes, a case may properly be removed from state court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). In other words, a federal district court must have "original jurisdiction" over the initial action. Federal courts have original jurisdiction over civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). This action is not removable to this Court pursuant to the diversity jurisdiction provision because the parties are from the same state and the controversy does not exceed $75,000.

Defendants attempt to assert jurisdiction, however, under this Court's federal question jurisdiction, 28 U.S.C. § 1331, and civil rights jurisdiction, 28 U.S.C. § 1343. However, this is not a civil actions arising under federal law. It is a state law action and Plaintiff's claims are founded entirely upon Defendants' alleged violations of state law. It is apparent that Plaintiff asserts these basis for jurisdiction based on the stated intent to raise counter-claims based on assertions that Plaintiffs violated Defendants' federal rights. Doc. 1, p. 3-6.

> To determine whether the claim arises under federal law, [courts] examine the "well pleaded" allegations of the complaint and ignore potential defenses: "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States."

Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003), *quoting* Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *see also* Murphy v. Aventis Pasteur, Inc., 270 F.Supp.2d 1368, 1373

(N.D. Ga. 2003) ("The court must look to the plaintiff's complaint to determine whether removal was appropriate."). In other words, the general rule is that "absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank, 539 U.S. at 6, 123 S.Ct. at 2062.[2] Accordingly, it must be recognized that Plaintiff is "the master of the claim" and "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Behlen v. Merrill Lynch, 311 F.3d 1087, 1090 (11th Cir. 2002), *quoting* Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). More specifically, the Supreme Court has stated that "[a]llowing a counterclaim to establish 'arising under' jurisdiction would [ ] contravene the longstanding policies underlying our precedents." Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831, 122 S.Ct. 1889, 1894, 153 L.Ed.2d 13 (2002). The principle that the plaintiff is the master of his complaint would be trounced if a counterclaim could defeat the plaintiff's choice of forum. *Id.*, at 832, 122 S.Ct. at 1894. Such a policy would also "radically expand the class of removable cases, contrary to" the independence of state governments. *Id.* The Supreme Court explicitly "decline[d] to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-or-counterclaim rule' . . . . " *Id.*

---

[2] There are two limited exceptions to that rule, neither of which are applicable in this case, nor has either been raised by the Defendant. *See* Beneficial Nat'l Bank, 539 U.S. at 8, 123 S.Ct. at 2063. It is Defendants' obligation as the removing party to demonstrate removal is proper. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Case No. 4:06cv574-SPM/WCS

In this case, it is clear that Plaintiff's complaint is entirely premised on state law. There is no basis for federal court jurisdiction and Defendants' arguments to the contrary are not only frivolous, but directly contrary to well established law. A proposed counterclaim is not a basis for federal court jurisdiction.

Moreover, the Plaintiff in this case is the Department of Transportation, a state agency for Eleventh Amendment purposes. It has long been established that a litigant may not seek monetary damages against the State. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Gamble v. Florida Department of Health and Rehabilitative Services, 779 F.2d 1509 (11th Cir. 1986); Stevens v. Gay, 864 F.2d 113, 114-15 (11th Cir. 1989); Carr v. City of Florence, Alabama, 916 F.2d 1521 (11th Cir. 1990). Furthermore, States and state officials acting in their official capacities are not "persons" for purposes of § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), *cited in* Carr, 916 F.2d at 1525, n.3.

Because Defendants fail to demonstrate that the Court has subject matter jurisdiction over this case, the Court is required to summarily remand this action pursuant to 28 U.S.C. § 1447(c). This case should be remanded back to the state court from whence it came.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' notice of remand, doc. 1, be **REJECTED** as this Court does not have subject matter jurisdiction over this action, that no action be taken on any of the pending motions, and

the Clerk of Court be **DIRECTED** to mail a certified copy of the order of remand to the clerk of the State court pursuant to 28 U.S.C. § 1447(c).

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2007.


      s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**