IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STATE OF FLORIDA DEPART-
MENT OF TRANSPORTATION,

    Plaintiff,

vs.                                      4:06-CV-574-SPM

LARRY DEAN, *et al.*,

    Defendants.

_____/

ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION
AND REMANDING CASE

**THIS CAUSE** comes before the Court upon the magistrate judge's report and recommendation (doc. 9) dated January 8, 2007.  The parties have been furnished a copy and have been afforded an opportunity to file objections.  Plaintiffs filed their objections (doc. 24) on February 5, 2007.

Pursuant to Title 28, United States Code, Section 636(b)(1), I have made a *de novo* determination of those portions to which an objection has been made.  The arguments made by the *pro se* Defendants in their objection, while articulate, evince a fundamental misunderstanding of subject-matter jurisdiction and pleading requirements.  The cases cited by Defendants regarding the lenience afforded to *pro se* litigants deal strictly with the merits of a case, not the

jurisdiction.  A court can liberally construe a pleading such that a *pro se* plaintiff will be afforded the opportunity to present evidence to prove the merits of his claim even where the pleading itself is not artfully drafted, but subject-matter jurisdiction is not optional; without it, a court simply has no authority to hear or decide the case.  See Arbaugh v. Y&H Corp., 546 U.S. 500 (2006).  Indeed, a court would be "unconstitutional[ly] inva[ding] . . . powers reserved to the states if the federal courts were to entertain cases not within their jurisdiction."  13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3522 (2d ed. 1984).   Thus, in removal cases, the burden is on the removing party to prove that subject-matter jurisdiction exists.  Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Defendants continue to argue that because their counterclaims involve questions of federal law, this Court possesses jurisdiction over the case.  The magistrate's report and recommendation clearly explain that a federal question must be apparent from the face of the complaint.  Federal questions raised by way of defense are insufficient to invoke subject-matter jurisdiction.  Jones v. LMR Int'l., Inc., 457 F.3d 1174, 1178 (11th Cir. 2006).

Alternatively, Defendants argue that federal question jurisdiction is present because Plaintiff cited to 23 U.S.C. § 131 in its complaint.  Paragraph 5 of the complaint notes that Florida "entered into an agreement with the Federal

Highway Administration to enforce the Highway Beautification Act . . . . In accordance with 23 U.S.C. § 131 and Section 479.07, Florida Statutes, no sign may be erected or maintained without [complying with permit requirements]." *See* doc. 1 at 12, ¶ 5. Defendants also cite various other federal provisions in support of their argument.

23 U.S.C. § 131 does not create a cause of action; it only "requires that States eliminate billboards from areas adjacent to certain highways constructed with federal funds." Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 510 n.16 (1981). Plaintiff cited this law to provide context for Florida Statutes section 479.07, which was created to fulfill the mandate of 23 U.S.C. § 131. The suit lays in an alleged violation of Florida law, not federal law.

Thus, because the complaint contains no federal question,[1] this Court lacks subject matter jurisdiction over the case. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The magistrate judge's report and recommendation (doc. 9) is adopted and incorporated by reference in this order.
2. The notice of removal (doc. 1) is hereby *rejected.*
3. The clerk shall immediately take all steps necessary to effectuate remand of this case to the Fourteenth Judicial Circuit Court in and

---

[1] Neither party argues that diversity jurisdiction exists, and indeed, it does not.

for Jackson County, Florida.

**DONE AND ORDERED** this <u>twelfth</u> day of February, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge